**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **GERALD DILLION**<br>　　　　　　*Plaintiff*<br>v.<br>**JIMMIE MARTIN, JR., ET AL**<br>　　　　　　*Defendants* | **CIVIL ACTION NO. 23-CV-1727**<br><br>**SECTION "_____"**<br><br>**JUDGE**<br><br>**MAGISTRATE** |

### NOTICE OF REMOVAL TO FEDERAL COURT

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant, National Fire & Marine Insurance Company, files this Notice of Removal of an action captioned *Gerald Dillion v. Jimmie Martin, Jr., et al*, pending in Division "J" of the 22nd Judicial District Court for the Parish of Washington, State of Louisiana, under Docket No. 117618, on the following grounds:

**I.     Factual introduction and procedural history supporting removal.**

1.     On December 27, 2022, Plaintiff, Gerald Dillion ("Plaintiff"), filed suit against Jimmie Martin, Jr. ("Martin") and National Fire & Marine Insurance Company ("National"), in the 22nd Judicial District Court (JDC) for the Parish of Washington, State of Louisiana. The lawsuit is entitled *Gerald Dillion v. Jimmie Martin, Jr., et al*, and is pending in Division J of that court under 22nd JDC docket number 117618.

2.     The Petition for Damages alleges Plaintiff sustained physical injuries and other alleged damages as a result of an auto collision between a vehicle allegedly operated by Plaintiff

and an 18-wheeler allegedly operated by defendant, Martin, which allegedly occurred on June 15, 2022, on Louisiana Avenue (LA Hwy 10) in Washington Parish, Louisiana.[1]

3. The Petition for Damages alleges: that Plaintiff is a citizen of Louisiana; that defendant, Martin, is domiciled in Tennessee; and that defendant, National, is a foreign insurance corporation doing business in the state of Louisiana.[2]

4. The Petition for Damages identifies Argie Mark, Jr. ("Mark") as a purported defendant and the owner of the tractor-truck operated by Martin; however, the Petition does not allege any citizenship of Mark nor did Plaintiff request service of citation and process on Mark.[3]

5. On March 15, 2023, National filed its Exception, Answer, Affirmative Defenses, and Jury Demand in response to Plaintiff's Petition for Damages.[4]

6. National urged the dilatory exception of vagueness alleging the Petition for Damages does not comply with the mandate of La. C.C.P. art. 893(A)(1) requiring, *inter alia*, that a plaintiff generally allege whether his cause of action exceeds the monetary threshold of $75,000 applicable to federal diversity jurisdiction.[5]

7. On April 25, 2023, the parties entered into a Consent Judgment sustaining National's exception of vagueness and curing the grounds for that exception via Plaintiff generally alleging and pleading in the Consent Judgment that the value of his cause of action against Defendants exceeds $75,000, exclusive of interests and costs.[6]

---

[1] Exhibit "1," Complete State Court Record, at Plaintiff's Petition for Damages, p. 2-3, ¶¶ 3, 6.
[2] *Id.* at p. 2, ¶ 1.
[3] *Id.*
[4] Exhibit "1." Complete State Court Record, at National Fire & Marine Insurance Company's Exception, Answer, Affirmative Defenses and Jury Demand at p. 15-25.
[5] *Id.*
[6] Exhibit "1." Complete State Court Record, at Consent Judgment at p. 36-37.

## II. Removal is proper because this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

### A. COMPLETE DIVERSITY

8. There is complete diversity of citizenship between Plaintiff and Defendants:

    a. Plaintiff, Gerald Dillion, is domiciled in and therefore a citizen of Louisiana.

    b. Defendant, National Fire & Marine Insurance Company, is an insurance company incorporated in Nebraska with its principal place of business in Nebraska, thereby making it a citizen of Nebraska.

    c. At the time Plaintiff filed his Petition for Damages, Defendant, Jimmie Martin, Jr., resided in Tennessee but was in the process of moving to South Carolina, where he intended to reside indefinitely, thereby making him a citizen of South Carolina.

    d. The Petition for Damages identifies Argie Mark, Jr. as the owner of the tractor operated by Jimmie Martin, Jr., and suggests Mark is a named defendant; however, Plaintiff never requested service of citation and process on Mark. Mark is domiciled in and therefore a citizen of Mississippi.

### B. AMOUNT IN CONTROVERSY EXCEEDS $75,000

9. 28 U.S.C. § 1332(a) provides federal district courts with concurrent original jurisdiction in cases "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs, and is between (1) citizens of different States. . ."

10. 28 U.S.C. § 1446(c)(3)(A) provides: "If the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, or in response to discovery, shall be treated as an 'other paper' under subsection (b)(3)."

11. 28 U.S.C. § 1446(b)(3) provides: "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant,

through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

12. In the Consent Judgment entered into the record of the State proceeding on April 25, 2023, Plaintiff generally pleaded the value of his cause of action against Defendants exceeds $75,000, exclusive of interests and costs, thereby satisfying the amount-in-controversy requirement, per 28 U.S.C. § 1446 (b)(3) and (c)(3)(A).

### C.     No Consent Required.

13. No other defendant has been properly joined and served with this civil action at this time; therefore, no consent to the removal is required. *See* 28 U.S.C. § 1446(b)(2)(A) (providing "all defendants *who have been properly joined and served* must join in or consent to the removal of a civil action from State court to federal district court) (emphasis added).

### III.    Defendant's removal is timely.

14. "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Further, "[i]f the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3)." 28 U.S.C. § 1446(c)(3)(A).

15. Here, the case stated by Plaintiff's original Petition for Damages filed on 12/27/2022 did not allege whether the amount in controversy exceeds $75,000. The first "other paper" received providing information regarding the amount in controversy was the Consent Judgment signed by counsel for Plaintiff and returned via e-mail to undersigned defense counsel

on April 25, 2023. In that Consent Judgment, Plaintiff cured the grounds for Defendant's exception of vagueness by pleading the value of his cause of action exceeds $75,000, exclusive of interest and costs. This Notice of Removal has been filed within thirty (30) days of Defendant's receipt of that "other paper" from Plaintiff's counsel on April 25, 2023, and therefore, this removal is timely under 28 U.S.C. § 1446(b)(3).

**IV.   Defendant has satisfied the remaining procedural requirements for removal**.

16.   Washington Parish is located within the jurisdiction of the Eastern District of Louisiana pursuant to 28 U.S.C. § 98(a). Therefore, venue is proper in accordance with 28 U.S.C. § 1441(a) because this Court is the "district and division embracing the place where such action is pending" in state court.

17.   Pursuant to 18 U.S.C. § 1446(a), a copy of the state-court record is attached as an exhibit to this Notice of Removal.[7]

18.   Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff, and a copy is being filed with the Clerk of Court for the 22nd Judicial District Court, Parish of Washington, State of Louisiana.

**WHEREFORE**, for the foregoing reasons, Defendant, National Fire & Marine Insurance Company, prays this civil action be removed to this Court from the 22nd Judicial District Court for the Parish of Washington, State of Louisiana.

---

[7] Exhibit "1," Complete State Court Record.

Respectfully submitted,

*/s/ Megan D. Champagne*

Sloan L. Abernathy (La. Bar #35398)
Megan D. Champagne (La. Bar #37095)
Max C. Hadley (La. Bar #38764)
DEUTSCH KERRIGAN, L.L.P.
755 Magazine Street
New Orleans, Louisiana 70130
Telephone: (504) 581-5141
Telefax: (504) 566-4012
E-Mail:   sabernathy@deutschkerrigan.com
          mchampagne@deutschkerrigan.com
          mhadley@deutschkerrigan.com
*Counsel for defendant, National Fire & Marine Insurance Company*

## CERTIFICATE OF SERVICE

I certify a copy of the foregoing has been served on plaintiff, Gerald Dillion, through his counsel of record, Barry W. Bolton, 712 Louisiana Avenue, Bogalusa, Louisiana 70427 (e-mail: lawofficesofbb@yahoo.com); by e-mail, by facsimile, and/or by placing a copy of same in the United States mail, postage prepaid and properly addressed, on or before the 23rd day of May, 2023.

*/s/ Megan D. Champagne*

MEGAN D. CHAMPAGNE