**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **GERALD DILLION** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-1727** |
| **JIMMIE MARTIN, JR., ET AL.** | **SECTION "B"(4)** |

## ORDER AND REASONS

Before the Court are plaintiff Gerald Dillion's ("Plaintiff") "Motion to Reconsider" **(R. Doc. 29)** and "Motion to Reconsider Order of Dismissal with Substitute Memorandum in Support of Motion" **(R. Doc. 36)** (collectively, "Motions to Reconsider"); and defendant National Fire & Marine Insurance Company's ("National Fire & Marine") oppositions (R. Doc. 34; R. Doc. 37).

For the following reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motions to Reconsider **(R. Doc. 29; R. Doc. 36)** are **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court **TERMINATE** any pending motions in the above-captioned action.

## BACKGROUND

This personal injury action was filed in state court on December 27, 2022, and was removed to this Court on May 23, 2023.[1]  On May 24, 2023—the day after removal—Plaintiff's counsel, Barry Bolton ("Mr. Bolton"), was suspended for failure to pay his dues with the Eastern District of Louisiana.[2]

---

[1]    *See* R. Doc. 1.
[2]    *E.g.*, R. Doc. 11 at 1 ("Barry W. Bolton (La. Bar No. 24026), counsel for plaintiff, was suspended on May 24, 2023 for failure to pay his dues with the Eastern District of Louisiana.").

In an attempt to remedy Mr. Bolton's suspension, the Court contacted Mr. Bolton on five separate instances, across five months, without success.  Because Mr. Bolton did not respond to the Court's five notices, the Court entered an order on July 10, 2023, directing Mr. Bolton to show cause in writing why he should not be sanctioned to comply with the Court's five notices; the Court also ordered Mr. Bolton to "immediately remedy" his suspension status ("First Order").[3]  In that First Order, we warned: "**FAILURE TO TIMELY REPLY TO THIS ORDER MAY LEAD TO SANCTIONS, INCLUDING DISMISSAL OF THIS CASE.**"  Mr. Bolton failed to timely comply with the Court's First Order.

Due to Mr. Bolton's failure to timely comply with the Court's First Order, the Court entered a second order on August 3, 2023 ("Second Order").[4]  In the Second Order, we (1) sanctioned Mr. Bolton monetarily for failure to comply with the Court's First Order; (2) withdrew Mr. Bolton as Plaintiff's counsel, with the caveat that he could re-enroll upon compliance with the Court's First Order and remedy of his suspension status; (3) ordered Plaintiff to either enroll new counsel to represent him or file written notice of intent to proceed *pro se*; and (4) directed the Clerk of Court to mail a copy of the Second Order to Plaintiff's address of record.[5]  The Court's Second Order warned: "**Failure to comply with this order, other Court ordered deadlines, and failure to timely review the Clerk of Court record in this action will lead to dismissal of complaint, without prejudice.**"[6]  Despite the Clerk of Court mailing a copy of the Court's Second Order to Plaintiff's address of record, Plaintiff neither enrolled new counsel nor filed written intent to

---

[3]      R. Doc. 11 at 1–2. Note that the Court's First Order is dated July 6, 2023, but was not docketed until July 10, 2023; for ease of reference in reviewing the record, we go by the date docketed.

[4]      R. Doc. 13.  Note that the Court's Second Order is dated August 2, 2023, but was not docketed until August 3, 2023; for ease of reference in reviewing the record, we go by the date docketed.

[5]      *Id.* at 1–2.

[6]      *Id.* at 2.

proceed *pro se* by the Court-ordered deadline; <u>thus, Plaintiff failed to timely comply with the Second Order</u>.

On September 8, 2023, National Fire & Marine filed its first motion to dismiss pursuant to Federal Rule of Civil Procedure 41(b) due to both Mr. Bolton's and Plaintiff's failure to comply with the Court's First and Second Orders.[7]  That same day, the Clerk of Court received payment Mr. Bolton's Eastern District of Louisiana dues and Court-imposed monetary sanction.[8]  Then, on September 11, 2023, Plaintiff a motion to re-enroll Mr. Bolton as counsel of record.[9]  Because all of these actions were untimely pursuant to the Court's First and Second Orders, the Court entered a third order on September 22, 2023 ("Third Order").[10]  The Third Order acknowledged that dismissal was justified pursuant to Federal Rule of Civil Procedure 41(b) due to noncompliance with prior Court orders, but found that " . . . another justifiable sanction exists that should promote future compliance with court orders . . .."[11]  Accordingly, in the Third Order, we sanctioned Mr. Bolton monetarily a second time for failure to comply with Court orders, but granted Plaintiff's motion to re-enroll Mr. Bolton as counsel of record.[12]  The Third Order warned that failure on Mr. Bolton's part to pay the second sanction timely "**shall lead to dismissal of [the] case <u>without</u>** **<u>further notice</u>.**"[13]  We also dismissed, without prejudice, National Fire & Marine's September 8, 2023 motion to dismiss.[14]  Mr. Bolton timely paid the second monetary sanction imposed in the Third Order.[15]

---

[7]        R. Doc. 15.
[8]        *See* R. Doc. 18 at 2.
[9]        R. Doc. 16.  Note that the Court's Third Order is dated September 21, 2023, but was not docketed until September 22, 2023; for ease of reference in reviewing the record, we go by the date docketed.
[10]       R. Doc. 18.
[11]       *Id.* at 3.
[12]       *Id.* at 3–4.
[13]       *Id.* at 3.
[14]       *Id.* at 4 (dismissing, without prejudice, R. Doc. 15).
[15]       *See* R. Doc. 19.

However, after Mr. Bolton timely paid the Court's second monetary sanction imposed in the Third Order, the Court observed upon reviewing the record that no service of the Complaint had been made upon defendants Jimmie Martin, Jr., and Argie Mark Jr. ("Unserved Defendants"). Accordingly, the Court entered a fourth order on October 16, 2023 ("Fourth Order"), directing Plaintiff to file a service return into the record, demonstrating the Unserved Defendants were served with citation and process within the ninety-day period mandated by Federal Rule of Civil Procedure 4(m).[16]   The Fourth Order warned that failure to timely comply "will result in the **DISMISSAL** of the [U]nserved Defendants **without further notice.**"[17]   Plaintiff failed to comply with the Court's Fourth Order.  Plaintiff's failure to comply with the Fourth Order resulted in the dismissal, without prejudice, of the Unserved Defendants for failure to prosecute.[18]

Additionally, Mr. Bolton failed to appear for the Court's Scheduling Conference held on November 28, 2023,[19] without notice or explanation.  Because of this, the Court ordered Mr. Bolton to show cause in writing by December 5, 2023, explaining why he should not be sanctioned for his unexplained absence from the Scheduling Conference ("Fifth Order").[20]   Mr. Bolton did not show cause in writing timely, or otherwise; thus, Mr. Bolton violated the Court's Fifth Order.

Moreover, Plaintiff failed to furnish initial Rule 26 disclosures, in violation of the Court's Scheduling Order.[21]   And discovery remained at a standstill: After the action was first removed in May 2023, National Fire & Marine moved to compel Plaintiff to furnish answers and responses to interrogatories and requests for production of documents propounded to Plaintiff on March 16,

---

[16]      *See id.* Note that the Court's Fourth Order is dated October 13, 2023, but was not docketed until October 16, 2023; for ease of reference in reviewing the record, we go by the date docketed.
[17]      *Id.* at 2.
[18]      R. Doc. 21.
[19]      R. Doc. 22.
[20]      R. Doc. 24.
[21]      *See* R. Doc. 23 (Scheduling Order).

2023.[22]  The Magistrate Judge denied, without prejudice, National Fire & Marine's motion because at that time, Mr. Bolton was still suspended for failure to pay his Eastern District of Louisiana dues.[23]  From the Magistrate Judge's denial of National Fire & Marine's first motion to compel until January 5, 2024, Plaintiff failed to provide answers and responses to the interrogates and requests for production of documents to him on March 16, 2023.  This prompted National Fire & Marine to file a second motion to compel.[24]

National Fire & Marine's second motion to compel was never ruled on because the Court ultimately dismissed, with prejudice, all claims asserted by Plaintiff against National Fire & Marine and the Unserved Defendants, rendering National Fire & Marine's second motion to compel moot.[25]  The Court did so on January 5, 2024, after National Fire & Marine filed its second motion to dismiss pursuant to Federal Rule of Civil Procedure 41(b); that motion was unopposed, as Plaintiff did not file an opposition, timely[26] or otherwise.[27]  The Court's Order dismissing with prejudice all claims asserted by Plaintiff against National Fire & Marine and the Unserved Defendants was a final order, in that it dismissed all claims in the action and closed the case.[28]

The Court's dismissal, with prejudice, of all Plaintiff's claims prompted Plaintiff to file his first motion to reconsider on January 31, 2024.[29]  On February 8, 2024, Plaintiff filed a second motion to reconsider in an attempt to substitute his first motion to reconsider.[30]  Both of Plaintiff's motions to reconsider assert _only_ that (1) National Fire & Marine filed its second motion to compel

---

[22]     R. Doc. 9.
[23]     *See* R. Doc. 12.
[24]     R. Doc. 26.
[25]     R. Doc. 27.
[26]     *See* LR 7.5 ("Each party opposing a motion must file and serve a memorandum in opposition to the motion with citations of authorities no later than eight days before the noticed submission date.").
[27]     R. Doc. 20.
[28]     See R. Doc. 27.
[29]     R. Doc. 29.
[30]     R. Doc. 36.

on January 5, 2024; (2) National Fire & Marine never "copied" Plaintiff on its filing and the Plaintiff had no knowledge or notice of the pending matter; (3) Mr. Bolton spoke with the Clerk's Office and was told that service was effected automatically through the Court's CM/ECF system and was sent Mr. Bolton's e-mails registered to his ECF account at that time which were barwarbolt@yahoo.com and memeo570427@yahoo.com; and (4) Mr. Bolton's e-mail addresses are old.[31]   Essentially then, Plaintiff argues that National Fire & Marine was "surely under an obligation to forward a copy of its pleadings" (i.e., its second motion to compel filed on January 5, 2024) to Plaintiff, and since National Fire & Marine did not, "Plaintiff did not have an opportunity to properly address" its concerns.[32]

Plaintiff's motions to reconsider do not address his failure and Mr. Bolton's failure to comply with the multiple Court orders described above, but we assume it is also because notice was being sent automatically through the Court's CM/ECF system to Mr. Bolton's "old" e-mails that he had registered to his ECF account.  Further, the only legal citation in either of Plaintiff's motions to reconsider is to Louisiana Civil Code of Procedure article 4544 and a Louisiana Fourth Circuit Court of Appeals decision,[33] neither of which are applicable here.[34]   National Fire & Marine opposes both of Plaintiff's motions to reconsider.[35]

**LEGAL STANDARD**

As an initial matter, it is unclear what Federal Rule of Civil Procedure Plaintiff filed either motion to reconsider under, as the only legal citations provided were to Louisiana state law.  The

---

[31]    See R. Doc. 29; R. Doc. 36.
[32]    R. Doc. 26 at 2.
[33]    R. Doc. 36.
[34]    *See* Fed. R. Civ. P. 1.
[35]    R. Doc. 34 (opposing Plaintiff's first motion to reconsider at R. Doc. 29); R. Doc. 37 (opposing Plaintiff's second motion to reconsider at R. Doc. 36).

"Federal Rules do not recognize a 'motion for reconsideration' *in haec verba*." *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir.1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir.1994).   The Fifth Circuit has "consistently stated, however, that a motion so denominated, provided that it challenges the prior judgment on the merits, will be treated as either a motion "to alter or amend' under Rule 59(e) or a motion for 'relief from judgment' under Rule 60(b)." *Id*. (first citing *Forsythe v. Saudi Arabian Airlines Corp.,* 885 F.2d 285, 288 (5th Cir.1989); then citing *Charles L.M. v. Northeast Indep. School Dist.,* 884 F.2d 869, 869–70 (5th Cir.1989); and then citing *Harcon Barge Co. v. D & G Boat Rentals,* 784 F.2d 665, 669–70 (5th Cir.1986) (en banc)).   "Under which Rule the motion falls turns on the time at which the motion is served." *Id.*  If the motion is served within [twenty-eight][36] days of the rendition of judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b)." *Id.* (citing *Harcon Barge Co.,* 784 F.2d at 667.  In an abundance of caution, we conduct an analysis under both Rule 59(e) and 60(b).

A Rule 59(e) motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Matter of Life Partner Holdings, Inc.*, 926 F.3d 103, 128 (5th Cir. 2019) (quoting *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)). Courts in this district have held that the party moving under Rule 59(e) must show that reconsideration is necessary to  (1) correct manifest errors of law of fact upon which the judgment is based; (2) present newly discovered or previously unavailable evidence; (3) prevent manifest injustice; or (4) address an intervening change in the controlling law. *E.g.*, *Gabriel v. Am. Sec. Ins. Co.*, No. 23-1333, 2023 WL 6160915, at *2 (E.D. La. Sept. 21, 2023) (citations omitted); *Lay*

---

[36]      Rule 59 provides that a "motion to alter or amend judgment must be filed no later than 28 days after the entry of the judgment."  Fed. R. Civ. P. 59(e).

*v. McCain*, No. 19-9803, 2023 WL 6065153, at *2 (E.D. La. Sept. 18, 2023), *appeal dismissed*

*sub nom. Lay v. Hooper*,  No. 23-30782, 2024 WL 2010222 (5th Cir. Jan. 9, 2024).  Rule 59(e) is

"an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d

473, 479 (5th Cir. 2004).

> Rule 60(b) provides:
>
> **(b)   Grounds for Relief From a Final Judgment, Order, or Proceeding.** On
> motion and just terms, the court may relieve a party or its legal representative from
> a final judgment, order, or proceeding for the following reasons:
>
> > (1)   mistake, inadvertence, surprise, or excusable neglect;
> >
> > (2)   newly discovered evidence that, with reasonable diligence, could not have
> > been discovered in time to move for a new trial under Rule 59(b);
> >
> > (3)   fraud (whether previously called intrinsic or extrinsic), misrepresentation,
> > or misconduct by an opposing party;
> >
> > (4)   the judgment is void;
> >
> > (5)   the judgment has been satisfied, released, or discharged; it is based on an
> > earlier judgment that has been reversed or vacated; or applying it prospectively
> > is no longer equitable; or
> >
> > (6)   any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  The last reason under Rule 60(b)(6) "is available only when Rules 60(b)(1)

through (b)(5) are inapplicable*. Gabriel*, 2023 WL 6160915, at *3 (citing *Kemp v. United States*,

596 U.S. 528, 533 (2022)).  "Even then, 'extraordinary circumstances' must justify reopening."

*Kemp*, 596 U.S. at 533 (citations omitted).  "To that end, relief under Rule 60(b) 'requires a

showing of manifest injustice and will not be used to relieve a party from the free, calculated, and

deliberate choices he has made.'" *Gabriel*, 2023 WL 6160915, at *3.

## LAW, AND ANALYSIS

Here, Plaintiff's motions to reconsider[37] seek reconsideration of this Court's Order and Reasons[38] dismissing, with prejudice, all claims asserted by Plaintiff against defendants Jimmie Martin, Jr., Argie Mark, Jr., and National Fire & Marine.  Unfortunately, Plaintiff has not met his burden under Rule 59(e) or Rule 60(b).

To the extent Plaintiff moves for reconsideration under Rule 59(e), Plaintiff does not claim to have discovered new evidence nor does he point to intervening changes in controlling law.  He likewise fails to establish that this Court's Order and Reasons[39] works a manifest injustice. Plaintiff's counsel, Mr. Bolton, asserts only that notice was being sent to his "old" e-mails, and that defense counsel did not personally copy Mr. Bolton on filings.  However, as National Fire & Marine correctly points out in its opposition, "there was no need to do so because [Mr. Bolton], as a registered ECF Filing User, consented to receiving electronic notice and service of all filings through the automated CM/ECF system."[40]  Further, Administrative Procedures for ECF Rules 2 and 5 make clear that it was Mr. Bolton's responsibility to update his ECF account with any change of e-mail.  Administrative Procedure for ECF Rule 2 provides in pertinent part: "Each attorney has a continuing obligation to notify the Court promptly of any changes in address, telephone number, email, or other ECF account information.  After registration for ECF, attorneys are required to maintain their ECF accounts and to update the account promptly with any changes."  And Administrative Procedure for ECF Rule 5 provides: "It is the responsibility of the ECF Filing User

---

[37]     R. Doc. 29; R. Doc. 36.
[38]     R. Doc. 27.
[39]     *Id.*
[40]     R. Doc. 37 at 8; *see also* Rule 2 of the Administrative Procedures for Electric Case Filings and Unique Procedure and Practices for Electronic Filings (the "Administrative Procedures for ECF") ("Registration as a Filing User constitutes consent to electronic service of all documents as provided in these rules in accordance with the Federal Rules of Civil Procedure, the Federal Rules of Criminal Procedure, and the Local Rules.").

to maintain a working current e-mail account and to make any changes promptly to e-mail addresses." Accordingly, as an ECF Filing User, Mr. Bolton consented to service of all court filings electronically and it was Mr. Bolton's obligation to update his ECF account with a working e-mail address. Without more, Plaintiff fails to establish that he is entitled to the "extraordinary remedy" of reconsideration under Rule 59(e). *Templet*, 367 F.3d at 479.

To the extent Plaintiff moves for reconsideration under Rule 60(b), he has not shown that the case should be re-opened under Rules 60(b)(1) through (b)(5). The only possible circumstance Plaintiff could move under is under Rule 60(b)(6)—i.e., "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Again, the only reason provided by Plaintiff for reconsideration is that notice was being sent to Mr. Bolton's "old" e-mails, and that defense counsel did not personally copy Mr. Bolton on filings. For the reasons above, that argument is rejected.

Accordingly, for the foregoing reasons, we deny Plaintiff's motions to reconsider whether made pursuant to Rule 59(e) or 60(b).

New Orleans, Louisiana this 10th day of May, 2024.

_____
SENIOR UNITED STATES DISTRICT JUDGE